## Bright, Appellant, *v.* Esterly.

*Vendor and vendee—Marketable title to real estate—Res adjudicata.*

Where a person has purchased land relying on a decision of the Supreme Court that his vendor had a good marketable title in fee simple, such person's title in fee simple cannot be subsequently questioned.

*Will—Devise—Rule in Shelley's case.*

A devise to A for life, with remainder to his issue as tenants in common, their heirs and assigns forever, and in default of issue, then to testator's heirs under the intestate laws, creates an estate in fee simple in A.

Argued March 6, 1901. Appeal, No. 74, Jan. T., 1901, by plaintiffs, from judgment of C. P. Berks Co., June T., 1899, No. 35, on verdict for defendants, in case of Francis H. Bright and Helen C. Bright, by their Guardian, the Pennsylvania Trust Company, *v.* John A. Esterly and Thomas A. Willson. Before McCOLLUM, C. J., MITCHELL, FELL and MESTREZAT, JJ. Affirmed.

Ejectment for land in the city of Reading. Before ERMENTROUT, P. J.

At the trial it appeared that Francis Bright died on June 25, 1894, leaving a will wherein he devised to his adopted son Charles, a hotel property and two dwelling houses, thus:

" I give and devise unto my adopted son Charles F. Bright all that certain messuage, tenement and tavern stand, known as the Farmers' Hotel, etc., . . . . to have and to hold the said several messuages, tracts and pieces of ground, with the appurtenances, for and during the term of his natural life ; and after the death of my said adopted son Charles F. Bright, I give and devise the reversion or remainder of the real estate herein devised to him to his lawful issue, to have and to hold the same in common to them, their heirs and assigns forever, and in case the said Charles should die without lawful issue, then the aforesaid real estate shall revert to my estate, and I give and devise the same unto my heirs under the Intestate Laws of this Commonwealth."

He also devised to Charles a lot and certain woodland, thus: " I give and devise unto my adopted son Charles F. Bright all that certain lot, etc., . . . . to have and to hold the said several tracts and pieces of ground above described to him, his heirs and assigns forever."

Charles claiming that under the law, he took a fee simple estate in the hotel property, sold and conveyed it to Thomas A. Willson, who leased it to John A. Esterly.

Subsequently Charles died leaving two minor children, namely Francis H. Bright and Helen C. Bright, having for their guardian the Pennsylvania Trust Company, and this action of ejectment was instituted against the tenant in possession, whose landlord, Mr. Willson, made himself a party defendant.

The court below after hearing the testimony, directed the jury to find a verdict for the defendants, construing the law to have vested in Charles a full fee simple estate, upon the authority of the case of Grimes v. Shirk, 169 Pa. 74, in which the will of Francis Bright was construed.

*Error assigned* was in giving binding instructions for defendants.

*Cyrus G. Derr*, with him *Rieser & Schaffer*, for appellants.

*Isaac Hiester, Jefferson Snyder, C. H. Ruhl* and *W. U. Hensel,* for appellees, were not heard.

PER CURIAM, April 1, 1901:

The defendant having purchased the land for which ejectment was brought in reliance on the decision of the court in Grimes v. Shirk, 169 Pa. 74, his title cannot now be questioned.

Judgment affirmed.